IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAURICE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:16CV3043 |
| | ) | |
| V. | ) | |
| | ) | |
| JEFFRE CHEUVRONT, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

This matter is before the court on initial review of Plaintiff Maurice Moore's Complaint. (Filing No. 1.) For the reasons that follow, the court finds Plaintiff's pleadings do not state any claims on which relief may be granted.

## I. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## II.  DISCUSSION

Plaintiff sues Nebraska state court judge Jeffre Cheuvront, alleging that Judge Cheuvront violated his constitutional rights. Essentially, Plaintiff complains that Judge Cheuvront wrongfully affirmed a conviction and sentence imposed on Plaintiff by the state county court.

Plaintiff's claim against Judge Cheuvront is precluded by the *Rooker-Feldman* doctrine. This doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). See *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'"

2

*Mosby*, 418 at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).  In order for Plaintiff to properly challenge Judge Cheuvront's state court order, he must seek the appropriate state remedies.

Plaintiff's claim against Judge Cheuvront is also barred by judicial immunity. Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacities, as long as such actions were not taken in the complete absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Plaintiff's allegations are insufficient to establish a plausible claim that Judge Cheuvront's actions were outside the scope of normal judicial functions or that his actions were taken in complete absence of all jurisdiction.  Accordingly, Judge Cheuvront is immune from suit.

IT IS ORDERED that this case is dismissed.  The court will enter judgment by separate document.

Dated this 11th day of May, 2016.

                              BY THE COURT:

                              *Richard G. Kopf*
                              Senior United States District Judge